UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

KEVIN NATHANIEL DUNCAN, )
)
Movant, )
)
v. ) Case No. CR 404-168
) CV 406-122
)
UNITED STATES OF AMERICA, )
)
Respondent. )

## ORDER

Before the Court is Movant Kevin Nathaniel Duncan's Motion to Vacate. Set Aside, or Correct his federal sentence pursuant to 28 U.S.C. § 2255 (Doc. 59), as well as Movant's Motion to Strike (Doc. 62). For the reasons discussed below, the Motions are **DENIED**.

## BACKGROUND

In July of 2004, Movant was indicted for Possession of Firearm and Ammunition by a Person Convicted of Misdemeanor Crime of Domestic Violence, in violation of 18 U.S.C. §§ 922(g)(9) and 921(a)(33)(A) (Doc. 1). In January of 2005, the Court accepted Movant's plea of guilty (Doc. 53). The Court then sentenced Movant to a forty-eight month sentence of imprisonment, a sentence at the low end of the applicable Guidelines range (Doc. 56). Movant did not file a direct appeal, but filed the Motion currently pending before the Court.

## DISCUSSION

Movant argues that his conviction was obtained and his sentence imposed in violation of the Sixth Amendment right to the effective assistance of counsel. Specifically, Movant alleges that his counsel was ineffective for failing to object to the calculation of Movant's criminal history and offense level, and for failing to argue that Movant lawfully possessed weapons for sporting and collection purposes. He also asserts that his counsel failed to advise him about the right to appeal. In its Motion to Dismiss, the Government argues that because Movant waived his right to appeal and collateral attack in the plea agreement, this Court should deny the Motion without reaching the merits.

"It is well-settled that sentence appeal waivers are valid if made knowingly and voluntarily." Williams v. United States, 396 F. 3d 1340, 1341 (internal citation omitted). This Court finds that Movant's waiver of his right to collateral attack is valid and enforceable. The record demonstrates that this Court specifically questioned Movant about the waiver during the Rule 11 hearing, and that Movant understood its significance (Doc. 60 at 12-15). Id. Therefore, Movant's waiver of his right to collaterally attack his sentence is enforceable, and the Court need not reach the merits of Movant's arguments relating to his sentence. Williams v. United States, 396 F.3d

The Court notes that claims of ineffective assistance of counsel in entering or negotiating the plea may be cognizable in a § 2255 Motion despite a waiver of collateral attack. However, "a valid sentence-appeal waiver, entered into

voluntarily and knowingly, pursuant to a plea agreement, precludes the defendant from attempting to attack, in a collateral proceeding, the sentence through a claim of ineffective assistance of counsel during sentencing." Id. Movant's ineffective assistance of counsel argument attacks counsel's performance at sentencing (for failure to object to criminal history and offense level calculations and for failing to argue that Movant "lawfully possessed" the guns for "sporting and collection purposes") and is covered by the waiver. To hold otherwise would permit Movant "to circumvent the terms of the sentence-appeal waiver simply by recasting a challenge to his sentence as a claim of ineffective assistance, thus rendering the waiver meaningless." Id.

Movant asserts that his conviction was obtained in violation of his right to the effective assistance of counsel. To the extent that Movant's argument can be construed as a cognizable challenge to counsel's performance in negotiating and entering the guilty plea at issue, Movant's claim fails on the merits. In order to establish ineffective assistance of counsel, Movant must show that (1) "counsel's representation fell below an objective standard of reasonableness," and (2) "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Strickland v. Washington, 466 U.S. 668 (1984). Under the first prong, deficient performance is "that which is objectively unreasonable and falls below a wide range of competence demanded of attorneys in criminal cases." Cross v. United States, 893 F.2d 1287, 1290 (11th Cir. 1990). The reasonableness of the attorney's performance is evaluated from counsel's

perspective at the time of the alleged error and in light of all the circumstances. Strickland, 466 U.S. at 690. "Reviewing courts must indulge a strong presumption that counsel's conduct falls within the wide range of professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Id. at 689 (citation omitted). Under the prejudice prong, a petitioner must establish that there was a reasonable probability that the results would have been different but for counsel's deficient performance. Kimmelman v. Morrison, 477 U.S. 365, 375 (1986); Strickland, 466 U.S. at 696. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.

Contrary to Movant's position, it was not "below an objective standard of reasonableness" for counsel to advise Movant to enter into a plea agreement where, as here, Movant agreed that he was "totally guilty" of the crime of conviction (Doc. 60 at 22). Further, Movant has failed to allege or establish the requisite prejudice, namely, that a reasonable probability exists that Movant would not have pleaded guilty and would have insisted on a trial. Hill v. Lockhart, 474 U.S. 53, 59 (1985). Accordingly, Movant's argument that his conviction was obtained in violation of the right to effective assistance of counsel fails.

Finally, Movant argues that counsel rendered ineffective assistance of counsel by failing to adequately advise Movant regarding his right to appeal. The record reflects that counsel discussed with Movant the terms contained in the plea agreement, including the appeal issue; further, at the plea hearing, the Court

specifically addressed the limited direct appeal available to Movant (Doc. 60 at 14-15). Moreover, where, as here, there were no non-frivolous grounds for an appeal, and there is no evidence that Movant expressed a desire to appeal to counsel, there is no constitutional responsibility of counsel to consult with the defendant regarding an appeal. Roe v. Flores-Oretega, 528 U.S. 470, 480. Even assuming *arguendo* that counsel's performance was somehow deficient, Movant cannot demonstrate that "there is a reasonable probability that, but for counsel's deficient failure to consult with defendant about an appeal, defendant would have timely appealed." Id. at 484. Accordingly, Movant has failed to demonstrate that he was denied the effective assistance of counsel, and his Motion is denied. The Court notes that Movant reasserts his arguments in a Motion to Strike, which is also denied for the reasons discussed herein.

## CONCLUSION

For the reasons discussed herein, Movant's Motion to Vacate, Set Aside or Correct Sentence and Motion to Strike (Docs. 59 & 62) are **HEREBY DENIED**.

**SO ORDERED.**

JOHN F. NANGLE
UNITED STATES DISTRICT JUDGE

Dated: April 25, 2008